# UNITED STATES OF AMERICA
# MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| GREGORY G. JACKS,<br>　　　　　　Appellant, | DOCKET NUMBER<br>DA-0432-21-0018-I-1 |
| 　　　　v. | |
| SOCIAL SECURITY<br>　ADMINISTRATION,<br>　　　　　　Agency. | DATE: October 5, 2022 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Joseph D. Ybarra</u>, Esquire, San Antonio, Texas, for the appellant.

<u>Angeline S. Reese</u>, Esquire, and <u>Lisa K. Paquette</u>, Esquire, Dallas, Texas,
　　for the agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

## FINAL ORDER

¶1　　　　The appellant has filed a petition for review of the initial decision, which sustained his chapter 43 performance-based removal. On petition for review, the appellant argues that the administrative judge did not properly consider whether

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

his performance was unacceptable prior to his placement on the agency's equivalent to a performance improvement plan (PIP) and whether he was given a reasonable opportunity to improve his performance.  Petition for Review (PFR) File, Tab 1 at 9-16.  He also argues that the administrative judge did not properly consider his claims of reprisal for filing an equal employment opportunity (EEO) complaint and a grievance.  *Id.* at 16-19.  Generally, we grant petitions such as this one only in the following circumstances:   the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review.  Except as expressly MODIFIED to VACATE the administrative judge's finding that the agency proved by clear and convincing evidence that it would have taken the same action absent the appellant's protected activity, we AFFIRM the initial decision.

¶2         The administrative judge correctly found that the agency established by substantial evidence that (1) the Office of Personnel Management approved its performance appraisal system; (2) the agency communicated to the appellant the performance standards and critical elements of his position; (3) the appellant's performance standards are valid under 5 U.S.C. § 4302(c)(1); (4) the agency warned the appellant of the inadequacies of his performance during the appraisal period and gave him a reasonable opportunity to improve; and (5) the appellant's performance remained unacceptable in at least one critical element.   Initial

Appeal File, Tab 47, Initial Decision (ID) at 9-23. She also correctly found that the agency proved by substantial evidence that the appellant's performance was unacceptable prior to his placement on a PIP. ID at 13-16 (citing *Santos v. National Aeronautics & Space Administration*, 990 F.3d 1355, 1360-63 (Fed. Cir. 2021)).[2] The appellant's arguments on review do not provide a basis to disturb these findings. PFR File, Tab 1.

¶3 We also agree with the administrative judge's conclusion that the appellant failed to establish his affirmative defenses of reprisal for filing an EEO complaint,[3] a grievance, and making a protected disclosure, and also failed to show status-based disability discrimination and harmful procedural error. ID at 24-39. The appellant's arguments on review, which are limited to his claims of reprisal for filing an EEO complaint and a grievance, do not provide a basis to disturb the initial decision. PFR File, Tab 1. Nonetheless, we more specifically address the administrative judge's discussion of the appellant's whistleblower reprisal affirmative defense to correct an error that does not affect the outcome of the appeal.

¶4 Specifically, the administrative judge concluded that the appellant failed prove that he engaged in protected activity that was a contributing factor in his removal. ID at 33-34. Nonetheless, she proceeded to consider whether the agency met its burden of showing by clear and convincing evidence that it would have removed the appellant even in the absence of any protected activity. ID

---

[2] While this case was pending on petition for review, the Board modified the standard applicable to chapter 43 actions in light of *Santos* and applied that standard to all pending cases. *Lee v. Department of Veterans Affairs*, 2022 MSPB 11, ¶¶ 13-16. Because the administrative judge correctly applied the *Santos* standard, remand under *Lee* is not required.

[3] Because we agree with the administrative judge's finding that the appellant failed to prove that his EEO complaint, which alleged age discrimination and harassment, was a motivating factor in his removal, we need not reach the question of whether the EEO complaint was a "but-for" cause of the removal. *See Babb v. Wilkie*, 140 S. Ct. 1168, 1177-78 (2020).

at 34-35 (citing *Carr v. Social Security Administration*, 185 F.3d 1318 (Fed. Cir. 1999)).  Because we agree with the administrative judge that the appellant failed to establish a prima facie case of whistleblower reprisal, it was improper for the administrative judge to then consider whether the agency met its burden to show by clear and convincing evidence that it would have taken the same action in the absence of the appellant's protected activity.  *See* 5 U.S.C. § 1221(e)(2). Accordingly, we vacate the initial decision's finding that the agency showed by clear and convincing evidence that it would have removed the appellant even in the absence of his protected activity.

## NOTICE OF APPEAL RIGHTS[4]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter.  5 C.F.R. § 1201.113.  You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions

---

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

(1) **Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain

judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[5] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                          /s/ for
                                        Jennifer Everling
                                        Acting Clerk of the Board

Washington, D.C.